1  McGREGOR W. SCOTT
   United States Attorney
2  KAREN A. ESCOBAR
   Assistant U.S. Attorney
3  Federal Courthouse, Suite 4401
   2500 Tulare Street
4  Fresno, California 93721
   Telephone: (559) 497-4000
5

6

7

8            IN THE UNITED STATES DISTRICT COURT FOR THE

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,          )
                                      )    1:06-CV-00419-OWW-DLB
                     Plaintiff,       )
12        v.                          )
                                      )
13 REAL PROPERTY LOCATED AT 8500      )    STIPULATION AND ORDER
   SIMMERLY RD., COVELO,              )    RE: INTERLOCUTORY SALE OF
14 MENDOCINO COUNTY, CALIFORNIA,      )    DEFENDANT REAL PROPERTY
   APNs: 033-030-04-00, 033-040-33-00,)
15 032-226-03-00, 032-226-04-00, 032-226-)
   05-00, INCLUDING ALL              )
16 APPURTENANCES AND                  )
   IMPROVEMENTS THERETO,              )
17                                    )
                     Defendant.       )
18 _____ )

19        Plaintiff United States of America, claimant Benjamin Jeffrey Lomax, and potential

20 claimants Adrian Vasquez and Rebecca Giauque, individually, and as Conservator of the Estate of

21 Chris Giauque, hereby agree and STIPULATE as follows:

22        1.  This is a civil forfeiture action of certain real property listed in the caption above, and

23 more particularly described in Exhibit A attached hereto.

24        2.  A Complaint for Forfeiture *In Rem* was filed on April 12, 2006, seeking the forfeiture of

25 the defendant real property, alleging that the property is subject to forfeiture to the United States of

26 America pursuant to 21 U.S.C. § 881(a)(7).

27        3.  Prior to institution of this action, Benjamin Jeffrey Lomax, Adrian Vasquez and Rebecca

28 Giauque had entered into a written Purchase Agreement for the sale of the defendant real property,

and placed the subject real property on the market for sale with Four Star Realty.  On or about February 16, 2006, Benjamin Jeffrey Lomax, Adrian Vasquez and Rebecca Giauque accepted a sales offer in the amount of $525,000 on the subject real property.  Escrow was estimated to close the week of April 24, 2006, but for the Plaintiff's recorded lis pendens in this action.  The buyers of the real property are Frank Bushman and Tony Gozzarino.

        4.  The parties to this stipulation agree that the sale shall be allowed to proceed upon written approval by the United States of the terms of the sale.  The proceeds therefrom, after payment of any valid liens,[1] real property taxes, real estate commissions, costs for title insurance policies, county transfer taxes, loan fees, points, or other reasonable costs, as may be provided in the sale's agreement, shall be paid to the United States, by cashier's check payable to the U.S. Marshals Service.  The original Installment Note and Deed of Trust in the amount of $125,000.00 held by Rebecca Giauque, individually, and as Conservator of the Estate of Chris Giauque, shall be deposited with the U.S. Marshals Service.  The buyers of the defendant real property shall make the payments described in the Installment Note to the U.S. Marshals Service according to the terms described in the Installment Note.   The original Installment Note and Deed of Trust in the amount of $100,000.00 held by Benjamin Jeffrey Lomax and Adrian Vasquez shall be deposited with the U.S. Marshals Service.  The buyers of the defendant real property shall make the payments described in the Installment Note to the U.S. Marshals Service according to the terms described in the Installment Note.  The proceeds to be paid to the U.S. Marshals Service out of escrow include the total net proceeds that would have been paid out of escrow to the sellers.

        5.  Any payments under the terms of this Stipulation, including payments of the net proceeds from the sale, the two Installment Notes and payments on the Notes shall me mailed to the U.S. Attorney's Office, Att: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

_____

        [1]Valid liens are to include a Deed of Trust recorded August 21, 1995 as Book 2272, Page 649 for the benefit of Robert H. Lynch, beneficiary, to secure a note in the original amount of $154,000.00 and a Deed of Trust recorded February 12, 2001 as 2001-02426 for the benefit of Leo Schmidt, a single man, beneficiary, to secure a note in the original amount of $48,000.00.

The net proceeds from the sale, the two Installment Notes and the payments on the Notes shall be held in the care, custody and control of the U.S. Marshals Service, pending further order of this Court, and shall be substituted for the defendant real property.

6.  This Stipulation and Order is entered into solely for the purpose of creating a substitute *res* in the underlying action.   It shall not affect any of the parties' rights and remedies available to them or that existed prior to the execution of this Stipulation and Order, and any rights and defenses available to any party under federal civil forfeiture law.

7.  The United States, Benjamin Jeffrey Lomax, Adrian Vasquez and Rebecca Giauque, individually, and as Conservator of the Estate of Chris Giauque, each agree to execute all documents necessary to close escrow and pass clear title to the buyers.

8.  Execution of this stipulation does not relieve Benjamin Jeffrey Lomax, Adrian Vasquez and Rebecca Giauque, individually, and as Conservator of the Estate of Chris Giauque, of their requirement to file a timely statement of interest and answer in this civil forfeiture action in accordance with Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

9.  Claimant and potential claimants agree that they will retain custody, control and responsibility for the defendant real property until the interlocutory sale has been completed. Claimant and potential claimants further agree that they will retain existing insurance on the defendant real property and shall maintain the defendant real property in the same condition and repair as existed as of the date of the recording of the lis pendens, normal wear and tear excepted, until the interlocutory sale has been completed.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

10.  The parties hereby acknowledge that they obtained or declined to obtain the advice of counsel prior to executing this stipulation, and that they are entering into this stipulation knowingly and voluntarily.

11.  The buyers consent to the exercise of the Court's jurisdiction over them in the event it is necessary to enforce any term of this stipulation.

DATED: __5/24/06__                     McGREGOR W. SCOTT
                                       United States Attorney


                                       /s/ Stephanie Hamilton Borchers for
                                       KAREN A. ESCOBAR
                                       Assistant U.S. Attorney



DATED: __May 19/06__                   /s/ Rebecca Giaugue
                                       REBECCA GIAUQUE
                                       Potential Claimant


                              ACKNOWLEDGMENT

State of California                    )
                                       )
County of Humboldt                     )


On __5/19/2006__ before me, _Susan R. May_____, personally appeared
Rebecca Giaugue_____, personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person whose name is subscribed to this instrument and acknowledged to me that
she executed the same in her authorized capacity, and that by her signature on the instrument the
person, or the entity upon behalf of which the person acted, executed the instrument.

SUSAN R. MAY                           WITNESS my hand and official seal.
COMM. #1444510
NOTARY PUBLIC-CALIFORNIA               /s/ Susan R. May
HUMBOLDT COUNTY                        SIGNATURE
My Comm. Expires Nov. 5, 2007


DATED: __5-17-06__                     /s/ David Michael
                                       DAVID MICHAEL
                                       Attorney for Potential Claimant Rebecca
                                       Giauque, individually, and as Conservator of
                                       the Estate of Chris Giauque

4

1

2   DATED:  5-22-06                              /s/ Benjamin Jeffrey Lomax
                                                BENJAMIN JEFFREY LOMAX
3                                               Claimant

4
                            ACKNOWLEDGMENT
5
    State of California                    )
6                                          )
    County of Mendocino                    )
7

8   On  5-22-06           before me, D. Dwain Preston, Notary Public,  personally appeared
    Benjamin Jeffrey Lomax        , ~~personally known to me~~ (or proved to me on the basis of
9   satisfactory evidence) to be the person whose name is subscribed to this instrument and
    acknowledged to me that he executed the same in his authorized capacity, and that by his signature
10  on the instrument the person, or the entity upon behalf of which the person acted, executed the
    instrument.
11
    D. DWAIN PRESTON, II                    WITNESS my hand and official seal.
12  COMM. #1447205
    NOTARY PUBLIC-CALIFORNIA               /s/ D. Dwain Preston
13  MENDOCINO COUNTY                        SIGNATURE
    My Comm. Expires Oct. 25, 2007
14

15  DATED: 5/24/06                           /s/ Ean Vizzi
                                            EAN VIZZI
16                                          Attorney for Claimant Benjamin Jeffrey
                                            Lomax
17

18

19  DATED: 5/24/06                           /s/ Ean Vizzi
                                            EAN VIZZI
20                                          Attorney for Potential Claimant Adrian
                                            Vasquez
21
    ///
22
    ///
23
    ///
24
    ///
25
    ///
26
    ///
27

28                              5

1

2

DATED: 5/22/06                                    /s/ Adrian Vasquez
3                                                 ADRIAN VASQUEZ
                                                  Potential Claimant
4

5                              ACKNOWLEDGMENT

6    State of California                 )
                                         )
7    County of Humboldt          )

8
     On May 22, 2006       before me, Jody Rundel              , personally appeared
9    Adrian Vasquez             , personally known to me (or proved to me on the basis of satisfactory
     evidence) to be the person whose name is subscribed to this instrument and acknowledged to me that
10   he executed the same in his authorized capacity, and that by his signature on the instrument the
     person, or the entity upon behalf of which the person acted, executed the instrument.
11
     JODY RUNDEL                              WITNESS my hand and official seal.
12   Comm. # 1379811
     NOTARY PUBLIC-CALIFORNIA        /s/ Jody Rundel
13   Humboldt County                         SIGNATURE
     My Comm. Expires Oct. 13, 2006
14

15         We have reviewed the foregoing Stipulation Re: Interlocutory Sale of Defendant Real
     Property and have no objection to entry of an Order in accordance with it.
16

17   DATED: 5-15-06              /s/ Frank Bushman
                                          FRANK BUSHMAN
18                                        Buyer of Real Property

19   DATED: 5-15-06              /s/ Tony Gozzarino
                                          TONY GOZZARINO
20                                        Buyer of Real Property

21                                        (Original signatures retained by attorney)

22

23

24

25

26
                                     ORDER
27

28                                      6

1    IT IS SO ORDERED.

2
     DATED:   May 31, 2006                    /s/ OLIVER W. WANGER
3                                         OLIVER W. WANGER
                                          United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                          EXHIBIT A

26

27

28                                 7

Real Property in the unincorporated area of the County of Mendocino, State of California, described as follows:

TRACT ONE:

The West half of Lot 8 of Section 3, Township 22 North, Range 14 West, Mount Diablo Meridian.

APN: 033-030-04

TRACT TWO:

Lots 3, 5, and 6 of Section 4, Township 22 North, Range 14 West, Mount Diablo Meridian.

APN: 033-040-33

TRACT THREE:

The Northeast quarter of the Northwest quarter, the South half of the Northwest quarter, the North half of the Southwest quarter, the Southeast quarter of the Southwest quarter and the Northwest quarter of the Southeast quarter of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian.

Excepting therefrom the following:

Commencing at the center of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian, and running thence East 400 feet; thence South 35 feet to the point of beginning of this description; thence on the exterior boundaries of the parcel of land to be described, South 700 feet; thence East 250 feet; then North 700 feet; thence West 250 feet to the point of beginning. Being a portion of the Northwest quarter of the Southeast quarter of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian.

APN: 032-226-03,04

TRACT FOUR:

That portion of Section 33, Township 23 North, Range 14 West, Mount Diablo Base and Meridian.

Commencing at the center of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian, and running thence East 400 feet; thence South 35 feet to the point of beginning of this description; thence on the exterior boundaries of the parcel of land to be described, South 700 feet; thence East 250 feet; thence North 700 feet; thence West 250 feet to the point of beginning. Being a portion of the Northwest quarter of the Southeast quarter of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian.

APN: 32-226-05