UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>REAL PROPERTY LOCATED AT 8500 SIMMERLY ROAD, COVELO, MENDOCINO COUNTY, CALIFORNIA, APN: 033-030-04-00, 033-040-33-00, 032-226-03-00, 032-226-04-00, 032-226-05-00, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　　Defendants. | 1:06-cv-0419 OWW DLB<br><br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Further Scheduling Conference Date:  11/9/06 8:45 Ctrm. 3 |

I.   Date of Scheduling Conference.

　　　August 16, 2006.

II.  Appearances Of Counsel.

　　　Stephanie Hamilton Borchers, Esq., Assistant United States Attorney, appeared on behalf of Plaintiff.

　　　Ean Vizzi, Esq., appeared on behalf of Claimants Benjamin Lomax and Adrian Vasquez.

　　　David M. Michael, Esq., appeared on behalf of Claimant Rebecca Giauque.

1

III.  Summary of Pleadings.

　　1.  This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the Defendant real property was used or intended to be used, in any manner or part, to commit, or facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, offenses punishable by more than one year's imprisonment and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).  On September 8, 2005, a Grand Jury in the Eastern District of California indicted David Lee Crossley, Gabriel Jedidiah Schoenstein, Freddie Delgado, Benjamin Lomax, and others with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 - Conspiracy to Manufacture, to Distribute and Possess with the Intent to Distribute Marijuana among other related drug charges.  The criminal case *United States v. David Lee Crossley, et al.*, 1:05-cr-0315 OWW is pending.  Plaintiff filed its Verified Complaint for Forfeiture *In Rem* on April 12, 2006.  On June 5, 2006, the Defendant real property was posted with copies of the complaint and notice of the complaint.

　　2.  On May 12, 2006, Benjamin Lomax filed a Verified Claim in this action.  On May 19, 2006, Adrian Vasquez filed a Verified Claim in this action.  On May 25, 2006, the government granted a 30 day extension of time for Benjamin Lomax and Adrian Vasquez to file their answers in this action.  On July 6, 2006, the government granted an additional three week extension of time for Benjamin Lomax and Adrian Vasquez.  Benjamin Lomax and Adrian Vasquez intend to file answers to the complaint by August 11, 2006.

3.   On or about May 22, 2006, Rebecca Giauque, both individually and as the conservator of the estate of Chris Giauque, filed a verified claim in this action.  On May 25, 2006, the government granted an extension in time for Rebecca Giauque to file her answer in this action.  Rebecca Giauque filed her answer in this action on August 7, 2006.

4.   On June 2, 2006, an Interlocutory Sale of the Defendant real property took place pursuant to the Stipulation and Order for Interlocutory Sale of Defendant Property filed with the court of May 25, 2006.  Accordingly, this action now proceeds against the substitute *res*.

5.   To date, no other potential claimants have filed a claim or answer in this action.

IV.   Orders Re Amendments To Pleadings.

1.   The parties do not anticipate filing any amendments to the pleadings at this time.

V.   Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   It is undisputed that the United States Marsha's Service posted the Defendant real property located at 8500 Simmerly Road, Covelo, California, on June 5, 2006.

B.   Contested Facts.

1.   Plaintiff contends the facts are as alleged in the verified complaint.

2.   Claimant Benjamin Lomax contends the acts and omissions potentially giving rise to this forfeiture occurred in the Northern District of California, not the Eastern District of

3

California; claimant has an innocent ownership interest in the Defendant real property such that any act or omission which would have subjected said property to forfeiture was committed or omitted without claimant's knowledge or consent; said seizure of claimant's property constitutes an unconstitutional excessive fine and/or cruel and unusual punishment; said search and subsequent seizure of evidence from property constituted an unreasonable search and seizure in violation of the Fourth amendment of the United States Constitution.

3.   Claimant Adrian Vasquez contends: the acts and omissions potentially giving rise to this forfeiture occurred in the Northern District of California, not in the Eastern District of California; claimant has an innocent ownership interest in the Defendant real property such that any act or omission which would have subjected said property to forfeiture was committed or omitted without claimant's knowledge or consent; said seizure of claimant's property constitutes an unconstitutional excessive fine and/or cruel and unusual punishment; said search and subsequent seizure of evidence from the property constituted and unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

4.   Claimant Rebecca Giauque contends: Claimant joins in the contentions of claimants, Benjamin Lomax and Adrian Vasquez.  Furthermore, both individually, and as the conservator of the estate of Chris Giauque, claimant contends that the allegations in the complaint for forfeiture are false and, that, notwithstanding, claimant is an innocent owner of her interest in the seized property.

**VI.  Legal Issues.**

    **A.   Uncontested.**

        1.   The parties do not agree that jurisdiction exists under 28 U.S.C. §§ 1334, 1355 and 21 U.S.C. § 881.

        2.   Claimants dispute venue under 28 U.S.C. § 1395.

        3.   Under 21 U.S.C. § 881(j) venue is also claimed.

    **B.   Contested.**

        1.   Claimant, Rebecca Giauque asserts 17 affirmative defenses as are set forth in her answer to Complaint for forfeiture.

**VII. Consent to Magistrate Judge Jurisdiction.**

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII.    Corporate Identification Statement.**

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**IX.  Further Scheduling Conference.**

    1.   A further scheduling conference is set for November 9, 2006, at 8:45 a.m. in Courtroom 3.  The parties who are in the Northern District may appear telephonically.  The parties understand that this case must await outcome of proceedings in

///

///

the underlying criminal case which is *United States v. Crossley, et al.*

IT IS SO ORDERED.

**Dated:   August 17, 2006**               **/s/ Oliver W. Wanger**
emm0d6                                      UNITED STATES DISTRICT JUDGE