McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
Federal Courthouse, Suite 4401
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>    v.<br><br>REAL PROPERTY LOCATED AT 8500 SIMMERLY RD., COVELO, MENDOCINO COUNTY, CALIFORNIA, APNs: 033-030-04-00, 033-040-33-00, 032-226-03-00, 032-226-04-00, 032-226-05-00, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br>              Defendant. | 1:06-CV-00419-OWW-DLB<br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against certain real property listed in the caption above. The real property is more particularly described and attached hereto in Exhibit A (hereafter referred to as "defendant real property").

2. A Verified Complaint for Forfeiture *In Rem* was filed on April 12, 2006, seeking the forfeiture of the defendant real property, alleging that said real property is subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(7).

3. On or about June 5, 2006, the defendant real property was posted with copies of the Complaint and Notice of the Complaint in a manner consistent with the requirements of 18 U.S.C. § 985. See the Process Receipt and Returns filed June 22, 2006.

4.  On July 23, 30, August 6, and 13, 2006, notice of this forfeiture action appeared by publication in the <u>Ukiah Daily Journal</u>, a newspaper of general circulation in the county in which the defendant real property is located (Mendocino County).  The Proof of Publication was filed with the Court on September 21, 2006.

5.  In addition to the Public Notice of this forfeiture action having been completed, actual notice was served on Rebecca Giauque, Adrian Vasquez, and Benjamin Lomax.  Rebecca Giauque, Adrian Vasquez, and Benjamin Lomax have filed verified claims and answers in this action.

6.  To date no other parties have filed claims or answers in this matter and the time in which any person or entity may file a claim and answer has expired.

7.  On June 2, 2006, a Stipulation and Order for Interlocutory Sale was entered which authorized the sale of the defendant real property and deposit of the net proceeds with the U.S. Marshals Service.  On or about June 17, 2006, the Government received a check in the amount of $241,553.45 and two installment notes in the amounts of $125,000.00 and $100,000.00, which represented the total net proceeds from the sale of the defendant real property.  On or about November 28, 2006, the Government received checks in the amount of $128,534.25 and $102,827.40, which represents full payment on the two installments notes referenced above, plus interest.  A total of approximately $472,915.10 in net proceeds from the sale of the defendant real property is currently in the custody of the U.S. Marshals Service.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

1.  The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.  Upon entry of a Final Judgment of Forfeiture, $241,553.45 of the net sale proceeds from the sale of the defendant real property, together with any interest that may have accrued on

that amount, shall be forfeited to the United States pursuant to 21 U.S. C. § 881(a)(7), to be

disposed of according to law.

    3. Upon entry of a Final Judgment of Forfeiture herein, but no later than 45 days thereafter, $128,534.25 (the payoff amount of one installment note), together with any interest that may have accrued on that amount, shall be returned to claimant Rebecca Giauque through her attorney, David M. Michael at the Law Offices of David M. Michael, 414 Gough, Suite 2, San Francisco, California 94102.  Upon entry of a Final Judgment of Forfeiture herein, but no later than 45 days thereafter, $102,827.40 (the payoff amount of the lesser installment note), together with any interest that may have accrued on that amount, shall be returned to claimants Adrian Vasquez and Benjamin Lomax through their attorney of record, Ean Vizzi at 506 Broadway, San Francisco, California 94133.  The United States makes no representation regarding how these funds are to be divided between claimants Rebecca Giauque, Adrian Vasquez and Benjamin Lomax.  Claimants Rebecca Giauque, Adrian Vasquez and Benjamin Lomax hold harmless and release the United States from any dispute arising from the subsequent disposition of these assets.

    4. Claimants Rebecca Giauque as conservator of the Estate of Chris Giauque, Adrian Vasquez, and Benjamin Lomax hereby acknowledge that they are the sole owners of the $231,361.65 being returned to them from the sale of the defendant real property and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the $241,553.45 of the $472,915.10 in net proceeds from the sale of the defendant real property, Rebecca Giauque as conservator of the Estate of Chris Giauque, Adrian Vasquez and Benjamin Lomax shall hold harmless and indemnify the United States.

    5. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability

3

arising out of or in any way connected with the posting, forfeiture, or sale of the defendant real property and/or the net sale proceeds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.  Claimants Rebecca Giauque, Adrian Vasquez, and Benjamin Lomax waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

6. There was reasonable cause for the posting of the defendant real property and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

7. All parties are to bear their own costs and attorneys' fees.

SO ORDERED THIS  5th   day of      June      , 2007.

                                      /s/ Oliver W. Wanger
                                   OLIVER W. WANGER
                                   United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed April 12, 2006 and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property located at 8500 Simmerly Rd., Covelo, Mendocino County, California, APNs: 033-030-04-00, 033-040-33-00, 032-226-03-00, 032-226-04-00, 032-226-05-00, Including all Appurtenances and Improvements Thereto.

Dated:   6/5/2007

/s/ Oliver W. Wanger
OLIVER W. WANGER
United States District Judge

# EXHIBIT A

Real Property in the unincorporated area of the County of Mendocino, State of California, described as follows:

TRACT ONE:

The West half of Lot 8 of Section 3, Township 22 North, Range 14 West, Mount Diablo Meridian.

APN: 033-030-04

TRACT TWO:

Lots 3, 5, and 6 of Section 4, Township 22 North, Range 14 West, Mount Diablo Meridian.

APN: 033-040-33

TRACT THREE:

The Northeast quarter of the Northwest quarter, the South half of the Northwest quarter, the North half of the Southwest quarter, the Southeast quarter of the Southwest quarter and the Northwest quarter of the Southeast quarter of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian.

Excepting therefrom the following:

Commencing at the center of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian, and running thence East 400 feet; thence South 35 feet to the point of beginning of this description; thence on the exterior boundaries of the parcel of land to be described, South 700 feet; thence East 250 feet; then North 700 feet; thence West 250 feet to the point of beginning. Being a portion of the Northwest quarter of the Southeast quarter of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian.

APN: 032-226-03,04

TRACT FOUR:

That portion of Section 33, Township 23 North, Range 14 West, Mount Diablo Base and Meridian.

Commencing at the center of Section 33, Township 23 North, Range 14 West, Mount Diablo

5

Meridian, and running thence East 400 feet; thence South 35 feet to the point of beginning of this description; thence on the exterior boundaries of the parcel of land to be described, South 700 feet; thence East 250 feet; thence North 700 feet; thence West 250 feet to the point of beginning. Being a portion of the Northwest quarter of the Southeast quarter of Section 33, Township 23 North, Range 14 West, Mount Diablo Meridian.

APN: 32-226-05